Dear Ms. Wooten:
We are in receipt of your request for an Attorney General's Opinion regarding a proposed amendment to the Charter of the City of New Iberia. You have asked whether the city is in compliance with R.S. 33:1181 and whether the amendment is consistent with the constitution and laws of the United States and the State of Louisiana. The proposed amendment will affect Section 9 of the Charter of the City of New Iberia, relative to the automobile expense allowance for the mayor, trustee elected at large (mayor pro tempore), and the trustees elected from districts.
 LSA-R.S. 33:1181 provides:
 When a municipality existing prior to July 29, 1898, and having a population of two hundred thousand or less, which has not come under the provisions of Part I of Chapter 2 of this Title [the Lawrason Act], desires to amend its charter, the same may be done in this way: The municipal governing body may prepare, in writing, the desired amendments, have the same published for three weeks in a newspaper published in the municipality, if there be one, and if none, then by posting for said time in at least three public places therein; the proposed amendments shall then be submitted to the governor, who shall submit them to the Attorney General for his opinion. If the Attorney General is of the opinion that the proposed amendments are consistent with the constitution and laws of the United States and of this state, including Part I of Chapter 2 of this Title, the Governor shall approve the proposed amendments.
The proposed amendment is Ordinance No. 98-557, which amends Section 9 of the charter, relative to the automobile expense allowance for the Mayor, Trustee elected at large (Mayor Pro Tempore) and Trustees elected from districts, allowing the allowance to be fixed either in the annual budget ordinance, or by separate ordinance (versus being changed by amendment to the charter). The proposed amendment does not change the salary of these officials. The ordinance was adopted by a majority vote on January 19, 1999. An affidavit of publication from the DailyIberian indicates that the ordinance was advertised in the issues of January 29, 1999, February 5, 1999 and February 12, 1999. The city clerk's letter on May 13, 1999, states that no opposition or objection was filed as to the ordinance.
We do not find any law which is in conflict with this proposal. Although this is not, per se, an increase in compensation, it has been and remains our opinion that "[i]n the absence of adequate documentation to substantiate the payment [car expense allowance] as a legitimate reimbursement for business expenses, the expense allowance is presumed to constitute compensation from which taxes must be withheld." Otherwise, "[t]he receipt of additional compensation (i.e., a travel allowance without adequate documentation of business expenses) would constitute a bonus or donation prohibited by Article VII, Section 14." Attorney General Opinion No. 97-25, copy enclosed herein.
Therefore, it is the opinion of this office that the City of New Iberia has complied with the provisions of R.S. 33:1181
and that the proposed amendment [Ordinance No. 98-557] to the special charter of the City of New Iberia complies with the constitution and laws of the United States and the State of Louisiana, including the Lawrason Act. The city is responsible for obtaining Section 5 approval under the provisions of the 1965 Voting Rights Act, 42 U.S.C. § 1973, and is responsible for filing the amendment with the Secretary of State, pursuant to LSA-R.S.33:1181.1.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ANGIE ROGERS LAPLACE
Assistant Attorney General
RPI:ARL
Enclosures
STATE OF LOUISIANA One American Place DEPARTMENT OF JUSTICE 301 Main Street, Suite 600 CIVIL DIVISION P.O. Box 94005 BATON ROUGE TEL.:(504)342-7013 70804-9005 FAX.:(504)342-2090
RICHARD P. IEYOUB ATTORNEY GENERAL
 OPINION NUMBER 97-25 February 24, 1997
4: Assessors 70: Motor Vehicles 90-A-2: Public Funds: Loans, Pledges, or Grants Article VII, Section 14 of the 1974 Louisiana Constitution R.S. 47:1907 and 1908
Assessor may receive monthly travel allowance in lieu of purchasing or leasing an automobile. The allowance may be paid out of the expense fund authorized by R.S. 47:1908. In the event travel expenses are not adequately documented or travel expenses are not incurred in a given month, the payment must be considered additional compensation from which taxes must be withheld. If the assessors' salary is already at its maximum pursuant to R.S.47:1907, any additional compensation (e.g., undocumented travel allowance) would constitute a bonus or donation in violation of the Louisiana Constitution.
Honorable Carroll D. Elzey Assessor-Elect, Sabine Parish 4247 Plainview Road Florien, LA 71429